The opinion of the Court was afterward drawn up by
Wilde J.
By the common law no action could be mainained for a legacy except on an express promise. Atkins v. Hill, Cowp. 284 ; Hawkes v. Saunders, ibid. 289; and since the decision in the case of Deeks v. Strutt, 5 T. R. 690, it seems doubtful whether in England an action can be sustained at law, even on an express promise to pay. The usual remedy is either in the ecclesiastical court or in equity. It is true that in the case of Deeks v. Strutt it was admitted that the executor never made any express promise to pay. but it appeared that he had sufficient assets, and that he had for several years paid the annuity for the arrears of ¿which that action was brought; which circumstances were held in the case of Van Orden v. Van Orden, 10 Johns. R. 30, to be equivalent to an express promise. The case of Deeks v. Strutt therefore seems to be opposed to the current of the authorities. In the case of Ewer v. Jones, Lord Holt held that a devisee might maintain an action at common law against a terre-tenant for a legacy devised out of the land. But whatever doubts may have existed on this point, they have been removed by the statute of 1783, c. 24,[1] which provides expressly that any person having a legacy given in any last will, may sue for and recover the same at common law. It has been argued that this provision was intended to apply only to actions against executors, but the language of the statute is general, and there is no reason why it should be restrained to actions against executors rather than to actions against devisees. The only question is, whether the legacy is due ; for if it is, it may be recovered in an action at the common law by the express words of the statute.[2]
That the legacy in the present case is due, appears from .he will, which charges the land now in the possession of *306 the defendants with the payment of the legacy, and from the circumstance that the defendants purchased the land subject to charge. So that this action may be well maintained, orovided the defendants are liable in a joint action.
The general doctrine is, that where lands are charged, the tenants of the lands are jointly liable. If there is a cove • nant running with the land, the heirs and devisees of the covenantor are jointly liable to an action for a breach of the covenant committed in their own time. Chit. PI. 39, 40. So if any one acknowledges a recognizance, or suffers judgment to go against him, and afterwards dies, scire facias shall go against his heir and the tenants of the lands, and in such case the heir is only liable as he is tenant of the land descended to him from bis ancestor. 2 Wms’s Saund. 7, note 4 ; Panton v. Hall, 2 Salk. 598 ; Proctor v. Johnson, ibid. 600. And all the tenants of the land must be joined in the suit. And the reason is, because all the lands are jointly bound by the judgment or recognizance. The same reason applies to the case under consideration. All the lands in the possession of the defendants were charged with the payment of the annuity bequeathed to the plaintiff’s intestate. And although the defendants are purchasers of portions of the land charged, in severalty, yet all these purchases were made subject to a joint charge on the whole land ; and as the whole land is equally charged, so all the tenants are equally liable, according to their respective portions ; and if one should eventually be compelled to pay the whole, he will be entitled to contribution from the other tenants. And the same principle would apply, if the charge were such as would amount to a condition. No one could save his portion of the estate, without paying the whole annuity or the arrears of it, and his only remedy would be by calling on the other defendants for contribution. According to the agreement of the parties the defendants must be defaulted.

Judgment for the plaintiff.

 Revised Slat. c. 66, § 16.

 See Chitty on Contr. (3d Am. ed.) 218, note 1; Chapin v. Hastings, 2 Pick. (2nded.) 362, note 1.
In a suit to recover a legacy charged on land, it is not necessary, in order to maintain the action, to prove a demand of the. legacy, nor a promise on the part of the defendant to pay. Pickering v Pickering, 6 N. Hampsh. R. 120.